**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

S.A.,

Petitioner,

v. Case No. 4:26-cv-337-CDL-ALS

Warden, STEWART DETENTION CENTER,

Respondent.

**RECOMMENDATION OF DISMISSAL**

Pending before the Court are Petitioner's application for habeas relief and Respondent's Motion to Dismiss. (ECF Nos. 1, 3). On September 22, 2026, Respondent notified the Court that Petitioner had been removed from the United States. (ECF No. 7 at 1). In support, Respondent submitted a declaration from Deportation Officer Jason Godwin which states that on or about May 11, 2026, Petitioner was removed from the United States. (ECF No. 7-1).

Due to Petitioner's removal, Respondent moves to dismiss his petition as moot. (ECF No. 7 at 2-3). As explained below, the Court recommends that Respondent's Motion to Dismiss (ECF No. 7) be granted and that the Petition (ECF No. 1) be dismissed as moot.

"Article III of the Constitution limits the jurisdiction of federal courts to the consideration of 'Cases' and 'Controversies.'" *Soliman v. United States*, 296 F.3d 1237, 1242-43 (11th Cir. 2002) (citing U.S. Const. art. III, § 2 and finding appeal moot where petitioner was removed from the United States). "The doctrine of mootness derives directly from the case or controversy limitation because an action that is moot cannot be characterized as an active case or controversy." *Id.* at 1242 (internal quotation marks

omitted). "[P]ut another way, a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Id.* (internal quotation marks omitted). "Therefore, '[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed.'" *Id.* (quoting *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001)).

Here, Petitioner sought an order granting him a writ of habeas corpus and release from custody. (ECF No. 1). On or about May 11, 2026, Petitioner was removed from the country[1] via a commercial flight, and he is no longer in Respondent's custody. (ECF No. 7-1). Petitioner did not respond to the Motion to Dismiss.[2] Because Petitioner is no longer in Respondent's custody, the Court can no longer give Petitioner any meaningful relief, the case is moot, and "dismissal is required because mootness is jurisdictional." *Al Najjar*, 273 F.3d at 1336.

It is therefore **RECOMMENDED** that Respondent's Motion to Dismiss (ECF No. 7) be **GRANTED**, and Petitioner's application for habeas corpus relief (ECF No. 1) be **DISMISSED as moot**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within FOURTEEN (14) DAYS after being served with a copy hereof. Any objection should be no

---

[1] The declaration of Deportation Officer Jason Godwin indicates that on March 23, 2026, an immigration judge ordered Petitioner removed either to Georgia or, in the alternative, to Armenia. (ECF No. 7-1).

[2] Two orders from the Court that were sent to Petitioner after Respondent's Motion to Dismiss was filed were returned to it marked "undeliverable" and "no longer at this facility," indicating that Petitioner is no longer at Stewart Detention Center. (*See* ECF Nos. 9, 10).

longer than TWENTY (20) PAGES in length. *See* M.D. Ga. L.R. 7.4. The district judge shall make a *de novo* determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if, necessary, in the interests of justice."

**SO RECOMMENDED**, this 22nd day of October, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE